```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
```

MARIA PARAMO et al.,

                              **Plaintiffs,**

    -against-

THE CITY OF NEW YORK et al.,

                              **Defendants.**

```
-----------------------------------------------------------X
```

12-CV-03583 (LGS)(SN)

REPORT AND
RECOMMENDATION

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LORNA G. SCHOFIELD:**

      Plaintiffs Maria Paramo and Agustin Lopez, acting as legal guardians for their infant daughters Crystal, Catherine, and Destiny as well as on their own behalf, brought this action under state and federal law against the City of New York and several of its individual employees (collectively, the "City defendants") and against Saint Dominic's Home.[1] Plaintiffs alleged that defendants unlawfully removed the infant plaintiffs from the parents' home, leading to the sexual assault of one or more of the infant plaintiffs while in foster care. The parties have agreed to settle the case against the City defendants and Saint Dominic's Home and now move for court approval of that settlement agreement. Plaintiffs propose to settle all of the claims against the City defendants and Saint Dominic's Home for the sum of $25,000. For the reasons that follow, I recommend that

---

[1] Leonel Ariza, who was also a plaintiff, brought claims against the Episcopal Social Services of New York ("ESS"). Plaintiffs withdrew their claims against ESS, and Mr. Shaw and Leonel's parents have all stated that he is not entitled to any compensation from this settlement agreement. (Shaw Affirm. ¶¶ 4, 5(f); Paramo Aff. ¶ 5; Lopez Aff. ¶ 3.) To the extent not already reflected in the record, the claims against ESS should be dismissed with prejudice.

the Court dispose of the requirement for an infant compromise hearing and grant the plaintiffs' motion.

## BACKGROUND

On or about March 19, 2010, New York City Department of Social Services ("DSS"), New York City Administration for Children's Services ("ACS"), and New York City Bureau of Child Welfare ("BCW") removed the infant plaintiffs from their home based on accusations of abuse and neglect. (Compl. ¶ 33.) Episcopal Social Services and Saint Dominic's Home placed the infant plaintiffs in foster care, in the home of Norma Santiago. (Id.) Plaintiffs alleged that Destiny and Crystal were sexually violated and assaulted at Ms. Santiago's house by Robert No. 1 and Robert No. 2, who were living with Ms. Santiago at the time. (Compl. ¶ 33, 36.)

Plaintiffs filed a complaint on May 7, 2012. A settlement conference was held on November 18, 2013. Ms. Paramo, the infant plaintiffs' guardian, attended the settlement conference. On November 22, 2013, the parties confirmed that an agreement had been reached, and on December 16, 2013, plaintiffs filed a motion for approval of the settlement agreement. In support of the motion, plaintiffs submitted an affirmation from Mr. Shaw, counsel for plaintiffs, and affidavits from Ms. Paramo and Mr. Lopez.

## DISCUSSION

**I.     Applicable Law**

In this judicial district, an action by or on behalf of an infant may not be settled without leave of the court. Local Civil Rule 83.2(a)(1). There is no bright-line test for determining whether a particular settlement is fair; rather there is "a range of reasonableness with respect to a settlement . . . ." See Newman v. Stein, 464 F.2d 689, 692-93 (2d Cir. 1972); Orlander v. McKnight, 12 Civ. 4745 (HBP), 2013 WL 4400537, at *3 (S.D.N.Y. Aug. 15, 2013) (citation and quotation marks

omitted). The court must determine whether the proposed settlement is "fair, reasonable, and adequate, by comparing the terms of the compromise with the likely rewards of litigation." Neilson v. Colgate–Palmolive Co., 199 F.3d 642, 654 (2d Cir. 1999) (quoting Maywalt v. Parker & Parsley Petroleum Co., 67 F.3d 1072, 1079 (2d Cir.1995) (internal quotation marks omitted)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently . . . ." Ross v. A.H. Robins Co., 700 F. Supp. 682, 683 (S.D.N.Y. 1988). Moreover, courts have given deference to the guardian's or parent's determination as to the fairness of the settlement. See Zeitone v. Korsinsky & Klein, 13 Civ. 0383 (WFK)(JO), 2013 WL 5937397, at *5 (E.D.N.Y. Nov. 4, 2013) (citing cases).

A court's review of an application to settle an infant's claim should conform, as closely as possible, with applicable New York State statutes and rules, though a court may dispense with any New York State requirement "for cause shown." Local Civil Rule 83.2(a)(1). The New York procedures for settling a case on behalf of an infant are set forth in Rule 1208 of New York's Civil Practice Law and Rules ("CPLR"). Under that rule, affidavits are required from the infant's representative and attorney, setting forth, *inter alia,* the terms of the settlement, the circumstances giving rise to the action or claim, the extent of the damages sustained by the infant as documented in medical or hospital records, and reasons for recommending the settlement. See CPLR 1208.

II.     **Reasonableness of the Settlement Agreement**

    A.  **The Settlement Amount and Maintenance of Funds**

Based on the discussions at the November 18, 2013 settlement conference and the submitted affidavits and affirmations, I find the proposed settlement agreement to be fair, reasonable, and in

the best interest of the infant plaintiffs in this case. The parties reached an agreement in principle during the settlement conference facilitated by the Court. Ms. Paramo, mother to each of the three infant plaintiffs, was present during the conference. That agreement was finalized days after the conference, when the City confirmed its contribution. There was no indication of collusion, and the parties engaged in arm's length bargaining with the assistance of the Court. Furthermore, sufficient discovery has taken place to enable counsel for each party to evaluate the strengths and weaknesses of the claims and defenses, which is essential for reaching a fair settlement. The parties have taken numerous, lengthy depositions, consulted with experts, and exchanged thousands of pages of documents, including medical reports and ACS records. (Stuart Affirm. ¶ 4.)

Plaintiffs and their counsel have submitted affirmations and affidavits in conformity with CPLR 1208. Mr. Shaw expressly stated in his affirmation that he does not have any direct or indirect interest in this matter and will receive no compensation beyond the amount approved by the Court. (Shaw Affirm. ¶ 21.) He believes the settlement is fair, reasonable, and in the best interest of the children. (Shaw Affirm. ¶ 8.) Mr. Shaw noted in his affirmation that he informed the Court during the settlement discussions of the reasons for recommending acceptance of the settlement, and therefore, did not provide his full reasoning in his affirmation. (Shaw Affirm. ¶ 20.) Finally, Mr. Shaw detailed the services he rendered to plaintiffs and the expenses he incurred. (Shaw Affirm. ¶¶ 10, 11.)

In their affidavits, Ms. Paramo and Mr. Lopez both articulated the terms of the settlement agreement and stated that they have no reason to challenge or question the infant compromise proposed. (Paramo Aff. ¶ 4; Lopez Aff. ¶ 2.) While the nature and extent of the damages sustained by the infants was not addressed in the affidavits, the Court heard during the settlement conference Ms. Paramo's account of the events and the nature of the alleged damages sustained. The Court has

also conducted several discovery status conferences over a period of more than one year and is familiar with the facts and claims in the case.

The settlement agreement and the distribution of the settlement proceeds fairly compensate the infant plaintiffs given the nature of the claims and the risks and costs of proceeding to trial. The City of New York will contribute $7,500 and Saint Dominic's Home will contribute $17,500 to the settlement of this case. Maria Paramo, Agustin Lopez, and Leonel Ariza have waived any right to receive remuneration under the terms of this settlement. (Paramo Aff. ¶ 5; Lopez Aff. ¶ 3.) Each of the three infant plaintiffs is to receive $5,000, deposited into a trust account or other form of deposit yielding the highest dividend, providing that said fund shall be in such a form that it will be all available to each infant when she attains the age of eighteen years. Mr. Shaw has agreed to be the trustee of the account without fee, if the Court so approves. (Shaw Affirm. ¶ 8.) Both Ms. Paramo and Mr. Lopez have also stated that they would be willing to be trustees of the individual accounts. (Paramo Aff. ¶ 6; Lopez Aff. ¶ 4.) I find that the total amount agreed upon and the procedure established for the investment and maintenance of the funds is fair and reasonable.

### B.  Disbursements to Counsel

In evaluating a proposed settlement of an infant's claim, a court must fix the fees and disbursements, if any, to be paid to the infant's counsel. See Local Civil Rule 83.2(a)(2). In his affirmation, Mr. Shaw stated that in the interest of settling the matter, he has elected not to seek a fee for the representation of plaintiffs. His retainer agreement with the plaintiffs entitled him to one-third of the settlement amount after disbursements.

Mr. Shaw, however, has requested reimbursement for his expenses in the amount of $10,000. Ms. Paramo and Mr. Lopez do not object to Mr. Shaw's valuation of his expenses or his reimbursement up to this amount. (Paramo Aff. ¶ 5; Lopez Aff. ¶ 3.) Mr. Shaw submitted an

itemized disbursement list, which shows expenses for, *inter alia*, transcripts, service of process, expert fees, postage, copying, and obtaining medical and hospital records. Mr. Shaw also attached to his affirmation copies of checks as verification of some of his expenses. These checks totaled $8,574.68. Another $2,782.00 in expenses were itemized in the disbursement list but not substantiated with receipts, invoices, or any other form of documentation. The total amount provided by Mr. Shaw was $11,363.98. Given that the money Mr. Shaw will receive is less than his total expenses (and does not compensate him for the substantial number of hours he committed to the case), I find $10,000 to be proper and reasonable despite the lack of documentary support for a portion of his expenses.

### C. Infant Compromise Hearing

I recommend that the settlement agreement be approved without a formal infant compromise hearing as required under CPLR 1208(d). The guardian of the infant plaintiffs, Ms. Paramo, appeared before the Court during the November 18, 2013 settlement conference. The Court had the opportunity to speak with Ms. Paramo directly regarding her understanding of the events as well as her perspective on the settlement agreement. Given that the Court has already had the opportunity to address the issues surrounding the settlement of this case, an additional hearing is unnecessary. See Local Civil Rule 83.2(a)(1) (court may dispense with any New York State requirement "for cause shown").

Furthermore, though the infant plaintiffs' were not present at the settlement conference, such an appearance was not necessary to the Court's ability to make a determination as to their injuries or the fairness of the settlement. See e.g., Allen v. Robert's Am. Gourmet Food, Inc., 07 Civ. 2661 (NGG)(ETB), 2009 WL 2951980, at *9 (E.D.N.Y. Sept. 8, 2009) (excusing the appearance of the infant plaintiffs when none of the infants had sustained effects from the illness

which would require the Court to personally view their injuries). Therefore, there is good cause to dispense with the requirement of a formal hearing requiring the presence of the infant plaintiffs.

## CONCLUSION

For the foregoing reasons, I recommend that the Court find that the settlement reached on behalf of the infant plaintiffs is fair and reasonable. I therefore recommend that the parties' proposed settlement agreement be approved without an infant compromise hearing. Upon approval of the settlement agreement, the Court should DISMISS the claims against the City defendants (the City of New York, New York City Department of Social Services (DSS), New York City Bureau of Child Welfare (BCW), the Administration for Children's Services, Amanda Cardona, Robin Ajuba and Ms. Beverage) and the St. Dominic's defendants (St. Dominics, Linda Echo and Ms. Castillo) WITH PREJUDICE. Because the defendants Norma Santiago, Robert No. 1 and Robert No. 2 were never served or never appeared, I recommend that these defendants be DISMISSED WITHOUT PREJUDICE.[2]

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such

---

[2] Mr. Shaw states in his affirmation that the "settlement does not involve the dismissal of the causes of action against" Norma Santiago, Robert No. 1 and Robert No. 2. (Shaw Affirm. ¶ 13.) Because these defendants have never appeared in this action, and it is not at all obvious that they ever will, I recommend the claims against these defendants be dismissed but without prejudice. I have conveyed this recommendation to Mr. Shaw by telephone and he did not object.

objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lorna G. Schofield at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Schofield. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge


DATED:   New York, New York
         January 2, 2014